IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



UNITED STATES OF AMERICA,

v.

BARRY L. COLEMAN, JR.

Petitioner.

Criminal Action No. 3:05-CR-367
Civil Action No. 3:08-CV-64

## MEMORANDUM OPINION

THIS MATTER is before the Court on Petitioner Barry L. Coleman Jr.'s Motion to Void or Vacate Judgment pursuant to Fed. R. Civ. P. 60(b)(4)(Dkt. No. 159). For the reasons stated below, Coleman's Motion is DISMISSED.

### I.

On February 14, 2006, Coleman pled guilty to Possession with Intent to Distribute Cocaine Base and to Possession of a Firearm in Furtherance of a Drug Trafficking Crime. On May 16, 2006, Coleman was sentenced to a total of 270 months' imprisonment[1] for both offenses, to run consecutively to a one (1) year term of imprisonment that Coleman received in state court. Coleman appealed on May 26, 2006, and the Fourth Circuit dismissed the appeal and affirmed the judgment on February 23, 2007.

On January 25, 2008, Coleman filed a Motion to Vacate under 28 U.S.C. § 2255 raising several claims of ineffective assistance of counsel. The Court denied Coleman's § 2255 motion on November 16, 2010 and issued a Certificate of Appealability. On May 11, 2011, Coleman filed a Motion for Leave to File an Out of Time Notice of Appeal, and the Court denied this Motion on June 13, 2011. Coleman filed a Motion to Alter and/or Amend

---

[1] Coleman's sentence was subsequently reduced to 197 months.

1

Judgment under Fed. R. Civ. P. 59(e) on July 5, 2011, which the Court denied on July 20, 2011. On July 28, 2011, Coleman filed a Notice of Appeal challenging the Court's Orders denying the § 2255 Motion, denying leave to file an untimely Notice of Appeal, and denying the Motion to Alter and/or Amend Judgment. The Fourth Circuit affirmed the Court's judgments on January 5, 2012, but stayed the mandate of its decision on January 23, 2012 pursuant to Fed. R. App. P. 41(d)(1). The Fourth Circuit denied Coleman's petition for rehearing en banc on February 28, 2012, and issued the mandate on March 7, 2012.

Coleman now seeks relief under Rule 60(b)(4), arguing that: (1) the district court lacked subject matter jurisdiction when it applied a two-level Obstruction of Justice enhancement under U.S.S.G. § 3C1.1 to his sentencing guidelines; (2) the district court lacked subject matter jurisdiction when it denied a two-level reduction for Acceptance of Responsibility under U.S.S.G. § 3E1.1; and (3) the judgment was rendered inconsistent with due process. Accordingly, Coleman argues that the Court's judgment imposing his sentence was unauthorized and void, and therefore that relief under Rule 60(b)(4) is appropriate.

## II.

A motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on the imposition of a federal conviction and sentence. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). "Relief under section 2255 is warranted for errors cognizable on collateral review that occurred at or prior to sentencing." *Id.* (internal quotations and citations omitted). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657

2

(1996). Specifically, 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Without pre-filing authorization from the appropriate court of appeals, district courts generally lack "jurisdiction to consider an application containing abusive or repetitive claims." *U.S. v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

The Fourth Circuit has held that "district courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application." *Id.* at 206 (internal quotations omitted)(emphasis in original). Therefore, a petitioner may not avoid dismissal for lack of jurisdiction by styling his motion as a Rule 60(b) or as one questioning the jurisdiction and authority of the federal courts. *See Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004); *Winestock*, 340 F.3d at 207 (emphasizing that inmates may not circumvent the limitations on successive § 2255 motions simply by inventive labeling). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, writ of mandamus, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit . . . or an application for a Get-Out-of-Jail-Card; the name makes no difference. It is substance that controls." *Melton*, 359 F.3d at 857. "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶1, is a motion under § 2255, no matter what label the prisoner plasters on the cover." *Id.*

In this case, Coleman previously filed a § 2255 petition raising several ineffective assistance of counsel claims, which this Court denied; the Fourth Circuit affirmed the

3

judgment and denied Coleman's petition for rehearing en banc. Coleman now challenges his sentence on the grounds of jurisdictional defects and due process violations, but the Court lacks jurisdiction over Coleman's claim because his petition is abusive. *See Winestock*, 340 F.3d at 206-7 ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."); *see generally Schlup v. Delo*, 513 U.S. 298, 318-19 n. 34 (1995)("An abusive petition occurs where a prisoner files a petition raising grounds that were available but not relied upon in a prior petition ...")(internal quotations and citations omitted).

Even if this Court had jurisdiction over Coleman's claim, the Motion is untimely. Fed. R. Civ. P. 60(c)(1) provides that "[a] motion under Rule 60(b) must be made within a reasonable time," but in this case, Coleman's Rule 60(b) Motion comes more than six years after his sentence was imposed, and is therefore untimely. *See McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991)(noting that "[w]e have held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay").

Since Coleman's Rule 60(b) motion is both abusive and untimely, the motion is DISMISSED. The Clerk will be directed to file the action as an unauthorized successive motion under 28 U.S.C. § 2255 and the action will be dismissed for want of jurisdiction.

Let the Clerk send a Copy of this Memorandum Opinion to Coleman and to all counsel of record.

It is SO ORDERED.

/s/
James R. Spencer
United States District Judge

Entered this __2nd__ day of April 2013.